UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO AMADO LARA BOLIS (A-221-475-357),<br>Petitioner,<br>v.<br>WARDEN, GOLDEN STATE ANNEX DETENTION FACILITY,<br>Respondent. | No. 1:26-cv-04618-DAD-CSK<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner Pedro Amado Lara Bolis (A-221-475-357), a native and citizen of Mexico who is proceeding without counsel, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] Petitioner was admitted to the United States on March 23, 2015 on an H2B visa as a nonimmigrant temporary worker with authorization to remain for a temporary period not to exceed November 25, 2015. Petitioner remained in the United States beyond November 25, 2015 without authorization. On or about March 2, 2026, U.S. Immigration and Customs Enforcement ("ICE") detained petitioner following a traffic stop. For the reasons that follow, the Court recommends denying the petition for a writ of habeas corpus.

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

## I. FACTUAL BACKGROUND

Petitioner is a citizen and native of Mexico. (ECF No. 7-2 at 1.) Petitioner was admitted to the United States on March 23, 2015 on an H2B visa as a nonimmigrant temporary worker with authorization to remain for a period not to exceed November 25, 2015. (Id.) Petitioner remained in the United States beyond November 25, 2015 without authorization. (Id.)

On or about March 2, 2026, ICE detained petitioner following a traffic stop. (ECF No. 7-1 at 2.) On March 3, 2026, petitioner was issued a Notice to Appear and placed into Immigration and Nationality Act ("INA") Section 240 (8 U.S.C. § 1229a) removal proceedings, which are standard removal proceedings.[2] (ECF No. 7-2.) The Notice to Appear charged him as removable pursuant to INA Section 237(a)(1)(B) (8 U.S.C. § 1227(a)(1)(B)), as a noncitizen who has remained in the United States for a time longer than permitted. (Id.)

On March 24, 2026, an immigration judge provided petitioner with a custody redetermination hearing and denied bond, finding petitioner was a danger to the community. (ECF No. 7-3.) On April 7, 2026, an immigration judge provided a second custody redetermination hearing and also denied bond. (ECF No. 1 at 4-5.) Petitioner does not assert that he filed an appeal of either decision, and the record lacks evidence that an appeal was filed. (See ECF No. 1; ECF No. 7 at 4.)

Petitioner is being detained pending removal proceedings under 8 U.S.C. § 1226(a). (ECF No. 7 at 1.) He has been in continuous detention since approximately March 2, 2026. (ECF No. 7-1 at 2.)

## II. PROCEDURAL BACKGROUND

On June 15, 2026, petitioner filed his petition for writ of habeas corpus and motion to appoint counsel. (ECF Nos. 1, 3.) On June 29, 2026, respondent timely filed an answer. (ECF No. 7.) Though petitioner did not timely file a reply, on July 27, 2026, petitioner filed a supplemental brief and additional documents, which the Court accepts and considers in its review

[2] Removal proceedings pursuant to 8 U.S.C. § 1229a (INA § 240) are standard removal proceedings, which are different from expedited removal proceedings pursuant to 8 U.S.C. § 1225(b)(1) (INA § 235(b)(1)).

of the petition. (See Docket; ECF No. 8.) Briefing is now complete.

## III. LEGAL STANDARDS

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## IV. DISCUSSION

Because petitioner is proceeding pro se and pro se pleadings are liberally construed, the Court construes the petition as challenging his ongoing detention based on: (1) a statutory claim under the INA; and (2) a Fifth Amendment due process claim. (See ECF No. 1.) In the answer to the petition, respondent contends petitioner is lawfully detained under 8 U.S.C. § 1226(a); he failed to exhaust his administrative remedies; and any due process claims fail. (See ECF No. 7.)

### A. Statutory Basis for Detention and Due Process Claim

8 U.S.C. § 1226 governs the arrest, detention, and release of noncitizens like petitioner who are in removal proceedings. 8 U.S.C. § 1226; see also Demore v. Kim, 538 U.S. 510, 530 (2003). Under § 1226(a), the Department of Homeland Security ("DHS") has discretionary authority to detain a noncitizen, release them on bond, or release them on conditional parole pending removal proceedings. This discretionary authority does not apply to noncitizens who fall within the criminal categories described in § 1226(c), for whom detention is mandatory.

When a noncitizen is taken into immigration custody under § 1226(a), ICE makes an initial custody determination, which may include setting bond. 8 C.F.R. § 236.1(c)(8). A

detainee may then request a bond redetermination hearing before an immigration judge. 8 C.F.R. § 236.1(d)(1). At that hearing, the detainee bears the burden of demonstrating to the immigration judge that the detainee warrants release on bond. See In re Guerra, 24 I. & N. Dec. 37, 40 (BIA 2006). The immigration judge must consider whether the detainee "is a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk." Id. (citing Matter of Patel, 15 I. & N. Dec. 666 (BIA 1976)). The immigration judge may also weigh other discretionary factors. Id.

If the immigration judge denies bond, the detainee may appeal to the Board of Immigration Appeals ("BIA"). 8 C.F.R. § 236.1(d)(3). If the BIA affirms, the detainee may seek habeas relief in federal district court. Leonardo v. Crawford, 646 F.3d 1157, 1159-61 (9th Cir. 2011). While district courts have jurisdiction to review bond determinations for constitutional error, Rodriguez Diaz v. Garland, 53 F.4th 1189, 1209 (9th Cir. 2022), district courts may not review discretionary judgments regarding the detention and release of noncitizens in removal proceedings under § 1226(a). 8 U.S.C. § 1226(e).

Further, an individual detained pursuant to § 1226(a) may request an additional bond hearing whenever he experiences a material change in circumstances. See 8 C.F.R. § 1003.19(e).

The Court finds that petitioner is detained pursuant to 8 U.S.C. § 1226(a), as respondent asserts. (ECF No. 7 at 1.) As discussed above, an immigration judge provided petitioner with two custody redetermination hearings on March 24, 2026 and April 7, 2026. (ECF No. 1 at 4-5; ECF No. 7-3.) The record reflects petitioner did not appeal these decisions. (See ECF No. 1; ECF No. 7 at 4.)

When the procedures called for by § 1226(a) were provided, as in this specific case where petitioner was detained pursuant to § 1226(a) and received two bond hearings before an immigration judge, petitioner has received the process he was due. Accordingly, the Court recommends denying petitioner's due process claim.

**B. Exhaustion of Administrative Remedies**

Respondent argues that petitioner failed to exhaust administrative remedies where he did not appeal the March 24, 2026 or April 7, 2026 immigration judge decisions denying his requests

for bond. (See ECF No. 7 at 3-4.) Petitioner does not dispute respondent's claim that he failed to appeal the immigration judge decisions denying him bond. (See ECF No. 1.)

28 U.S.C. § 2241 "does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus." Laing v. Ashcroft, 370 F.3d 994, 997 (9th Cir. 2004). However, "[a]s a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241." Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012). Because exhaustion is not required by statute, it is not jurisdictional. Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990), overruled on other grounds by Reno v. Koray, 515 U.S. 50, 54-55 (1995) (citing Morrison-Knudsen Co., Inc. v. CHG Int'l, Inc., 811 F.2d 1209, 1223 (9th Cir. 1987)). If a petitioner has not properly exhausted his claims, the district court, in its discretion, may "determine whether to excuse the faulty exhaustion and reach the merits or require the petitioner to exhaust his administrative remedies before proceeding in court." Id. "Courts may require prudential exhaustion if (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." Puga v. Chertoff, 488 F.3d 812, 815 (9th Cir. 2007) (internal citation and quotation marks omitted). However, the court may waive the exhaustion requirement when administrative remedies are inadequate, irreparable injury may occur without immediate judicial relief, or exhaustion otherwise would be futile. Laing, 370 F.3d at 1000-01 ("[D]istrict court's habeas jurisdiction under 28 U.S.C. § 2241 is ordinarily reserved for instances in which no other judicial remedy is available.").

In Leonardo v. Crawford, 646 F.3d 1157 (9th Cir. 2011), the petitioner was a noncitizen held in immigration detention pursuant to 8 U.S.C. § 1226(a) and filed a petition for writ of habeas in the federal district court under 28 U.S.C. § 2241, alleging that his prolonged detention without a bond hearing violated his due process rights. See Leonardo, 646 F.3d at 1159. The district court entered an order directing respondent to hold a bond hearing consistent with the requirements set forth in Casas-Castrillon v. Department of Homeland Security, 535 F.3d 942

(9th Cir. 2008), and refrained from entering judgment on the habeas corpus petition until respondents had reported to the court that such a hearing had been held. See Leonardo, 646 F.3d at 1159. Respondents complied with the order and an Immigration Judge held a bond hearing, at which he denied bond upon finding petitioner was a danger to the community. See id. The petitioner did not appeal this determination to the BIA but instead filed in the district court in his pending habeas corpus proceeding a motion for the court to review and reverse the Immigration Judge's bond order, arguing that the bond hearing did not conform to the court's prior order nor satisfy due process. Id. The Ninth Circuit held that the petitioner's request should have been denied, and his underlying claim dismissed without prejudice, due to his failure to exhaust administrative remedies by seeking review of the bond decision to the BIA. See id. at 1160. The Ninth Circuit explained that the statutory and regulatory scheme of § 1226(a)

> entitle[s] [detainees] to a bond hearing before an immigration judge. If they are dissatisfied with the IJ's bond determination, they may file an administrative appeal so that "the necessity of detention can be reviewed by ... the BIA." If they remain dissatisfied, they may file a petition for habeas corpus in the district court.

Id. (citations omitted). As such, it was "improper" for petitioner to employ the "short cut" of seeking review of the immigration judge's bond decision in the district court before seeking review in the BIA. See id. Instead, petitioner "should have exhausted administrative remedies by appealing to the BIA before asking the federal district court to review the immigration judge's decision" and "[o]nce the BIA rendered its decision, [petitioner] could have properly pursued habeas relief in the district court and the district court's decision would have been subject to review in this court." Id. Because petitioner had not shown that his request should be excused from the prudential exhaustion requirement, nor that the proceeding should be stayed to permit him to exhaust the new claim, the Ninth Circuit held that the petition should be dismissed without prejudice due to petitioner's failure to exhaust his claim challenging the adequacy of the bond determination. See id. at 1160-61.

In the instant petition, as in Leonardo, the record indicates that petitioner did not seek review of the immigration judge decisions denying his requests for bond. (See ECF No. 7 at 3-4; ECF No. 7-3.) Petitioner does not dispute respondent's claim that he failed to appeal the

immigration judge's decisions denying him bond. (See ECF No. 1; ECF No. 8.) Petitioner also fails to show why he should be excused from the prudential exhaustion requirement regarding this claim. (See ECF No. 1.) Though the Court acknowledges that bond appeals may remain pending for adjudication before the BIA for several months, relaxing the exhaustion requirement under these circumstances would encourage others to bypass the administrative exhaustion process. Further, administrative review allows the agency to correct its own mistakes and thus avoid the need for judicial review.

Accordingly, as to petitioner's challenges to the immigration judge's denial of bond, his claim is denied. See Leonardo, 646 F.3d at 1160-61.

**C. Petitioner's Other Claims for Relief**

The Court declines to reach petitioner's remaining habeas corpus claim asserting that his ongoing detention violates due process where it has reached five months. (See ECF No. 1 at 13-17, 20-21.). See, e.g., Rodriguez Diaz v. Garland, 53 F.4th 1189, 1207 (9th Cir. 2022) (finding no due process violation where petitioner detained over sixteen months pursuant to § 1226(a) had received a bond hearing and a further bond hearing before an immigration judge was available to him upon a showing of materially changed circumstances); see also Prieto-Romero v. Clark, 534 F.3d 1053, 1068 (9th Cir. 2008) (finding no due process violation where petitioner detained for three years under § 1226(a) "received a bond hearing that afforded him an individualized determination of the government's interest in his continued detention by a neutral decisionmaker").

## V. MOTION FOR APPOINTMENT OF COUNSEL

Petitioner filed a motion for appointment of counsel. (ECF No. 3.) There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). Under 18 U.S.C. § 3006A, the court can appoint counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. The Court concludes that the interests of justice do not require appointment of counsel, and petitioner's motion for appointment of counsel is denied without prejudice.

///

## VI. CONCLUSION

In summary, the Court recommends that the petition for writ of habeas corpus be denied.

Accordingly, IT IS HEREBY ORDERED that petitioner's motion for appointment of counsel (ECF No. 3) is denied without prejudice.

Further, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus (ECF No. 1) be DENIED.
2. The Clerk of the Court be directed to enter judgment in favor of respondent and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days of the date of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 7, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Lara4618.2241.imm/9